

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 01, 2024.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-50528-CAG |
| | § | |
| COSAS CLARAS, LP, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| JFMPC, LLC, JFMLT, LLC AND JORDAN FORD, LTD, D/B/A JORDAN COLLISION | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | ADV. NO. 22-05049-CAG |
| | § | |
| JTL JV, LLC, | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF FEES AND COSTS PURSUANT TO BANKRUPTCY RULE 7054 AND ASSOCIATED REQUEST FOR A JUDGMENT AGAINST DEFENDANT (ECF NO. 83)**

1

Came on to be considered Plaintiffs' Motion for Approval of Fees and Costs Pursuant to Bankruptcy Rule 7054 and Associated Request for a Judgment Against Defendant ("Plaintiffs' Motion") (ECF No. 83).[1] Defendant filed its response (ECF No. 84). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Additionally, both Plaintiffs and Defendant have consented to the entry of a final order and judgment by this Court (ECF Nos. 7, 9, 32, and 43). Accordingly, this Court maintains the constitutional authority and subject matter jurisdiction to enter the final order and judgment in this case. Proper venue is met under 28 U.S.C. §§ 1408 and 1409. The Court finds that Plaintiffs' Motion (ECF No. 83) should be GRANTED IN PART and DENIED IN PART.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2024, the Court issued its Memorandum Opinion (ECF No. 69). There, the Court found that JFMPC, LLC, JFMLT, LLC, and Jordan Ford, LTD, d/b/a Jordan Collision (collectively "Plaintiffs") successfully satisfied the elements of adverse possession, obtained an ownership interest, and accordingly hold title to the disputed tract of real property pursuant to Texas Civil Practice & Remedies Code § 16.021(1) (ECF No. 69 at 41). The issues left for determination by the Court are (i) whether Plaintiffs are entitled to recover costs, and if so (ii) whether their attorney's fees are likewise recoverable. JTL JV, LLC ("Defendant") contends that Plaintiffs have not established a factual or legal basis for the Court to hold that an exception to the "American Rule" applies (ECF No. 84 at 4).

On July 2, 2007, Cosas Claras ("Debtor" or "Cosas Claras") conveyed approximately half of its 55-acre tract to Tesoro Homes, Ltd. ("Tesoro") (ECF No. 43 at 9).[2] This left Debtor with

---

[1] "ECF" denotes electronic case filing number. Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Proceeding 22-05049.
[2] Tesoro Homes, Ltd. is a land development and home building company (ECF No. 43 at 9).

2

approximately 26.82 acres (the "26 Acres") (ECF No. 43 at 10). Carl Gamboa served as the general partner of Debtor (ECF No. 43 at 6, 11, ECF No. 59 at 158). On October 20, 2010, Tesoro conveyed, by special warranty deed, a one-acre parcel of land (the "Disputed Tract") to Plaintiffs (ECF No. 58 at 2). Unbeknownst to Plaintiffs and Tesoro, the latter did not own the Disputed Tract (ECF. No. 43 at 6). As such, Tesoro was not the record owner of the Disputed Tract (ECF No. 43 at 6). As a result, the special warranty deed that Plaintiffs received from Tesoro did not describe the Disputed Tract (ECF No. 58 at 2). Plaintiffs therefore were also not the record owners of the Disputed Tract. Even though the Disputed Tract's property description was not listed on the special warranty deed, the Bexar County Appraisal District established a tax account for Plaintiffs (ECF No. 43 at 6). Plaintiffs subsequently paid taxes on the Disputed Tract (ECF No. 43 at 6).

Debtor filed for relief under Title 11 of the United States Code[3] commencing Bankruptcy Case No. 10-50528 (Main Case ECF No. 1). Randolph N. Osherow (the "Trustee") obtained an order converting the case to Chapter 7 on May 18, 2010 (Main Case ECF No. 74). Thereafter, the Trustee moved to sell the 26 Acres, including the Disputed Tract, free and clear from all interests or liens pursuant to 11 U.S.C. § 363(f) (the "§ 363 Sale") (Main Case ECF No. 219).

On February 20, 2012, the Court granted the Trustee's Motion to Sell to Equity Trust Company Custodian FBO Nathan Neis IRA (Main Case ECF No. 219, Main Case ECF No. 245). On March 16, 2012, the highest bidder, Neis, assigned his rights as buyer to Defendant (Trial Def. Ex. 22). On May 4, 2012, the § 363 Sale, which included the Disputed Tract, closed. Plaintiffs did not receive notice of Debtor's bankruptcy proceedings, which included the § 363 Sale (ECF No. 43 at 3).

---

[3] Unless otherwise indicated, all section references are to Title 11 U.S.C. __ et seq.

3

Nearly two years later, Defendant sold the Disputed Tract, along with the other 26 Acres to the Dominic Altomare 401k Plan, Gary Cardwell, and Kenneth R. Cooper ("Altomare") (Trial Def. Ex. 36). One year later, on May 18, 2015, Defendant repurchased the 26 Acres which included the Disputed Tract (Trial Def. Ex. 39).

Plaintiffs are two Texas limited liability companies named JFMPC, LLC and JFMLT, LLC, and a Texas limited partnership named Jordan Ford, Ltd. d/b/a Jordan Collision (ECF No. 32 at 1). Plaintiffs maintain and operate a body shop alongside the Disputed Tract. To determine legal ownership of the Disputed Tract, Plaintiffs filed this Adversary Proceeding No. 22-05049 (the "Adversary") seeking a declaratory judgment and a determination of ownership regarding the Disputed Tract (ECF No. 43 at 2). The Court determined that a separate hearing would be held to determine attorney's fees and damages (ECF No. 39).

On February 1, 2024, the Court issued its Memorandum Opinion, finding that Plaintiffs adversely possessed the Disputed Tract for the requisite statutory period. Plaintiffs' counsel prepared a judgment (the "Judgment"), which the Court granted on March 20, 2024. On April 4, 2024, Plaintiffs filed their Motion pursuant to Local Bankruptcy Rule 7054. Defendant timely filed a response on April 18, 2024. The Court heard Plaintiffs' Motion on May 22, 2024. At the hearing, Plaintiffs argued that the Judgment granted approval for the recovery of attorney's fees. Specifically, Plaintiffs maintain that under 28 U.S.C. § 2202, they are entitled to "further necessary or proper relief" in accordance with the Court's Memorandum Opinion.

## LEGAL STANDARD

The Bankruptcy Code does not directly specify whether attorney's fees are recoverable in a declaratory judgment action. In general, the "American Rule" is controlling and requires that attorney's fees are to be paid by each party. ***Tony Gullo Motors I, L.P. v. Chapa***, 212 S.W.3d 299,

4

310–11 (Tex. 2006). More specifically, to prevail on a claim for attorney's fees, the party must have a basis in contract or by statute. *Id.* at 310–11. The Fifth Circuit has held that attorney's fees are not automatically granted in a declaratory judgment action. ***Self Insurance Institute of America, Inc. v. Korioth***, 53 F.3d 694, 697 (5th Cir. 1995). The District Court for the Western District of Texas also explained that the declaratory relief statute "plainly does not grant a right to fees." ***LMV-AL Ventures, LLC v. Lake Way Overlook, LLC***, 2018 U.S. Dist. LEXIS 127643, 2018 WL 3603108, at 2 (W.D. Tex. 2018).

Here, Plaintiffs prevailed on their declaratory judgment claim and received a favorable ruling recognizing their sole ownership of the Disputed Tract (ECF No. 69 at 41). Prevailing under this claim, however, did not automatically entitle Plaintiffs to an award of attorney's fees. ***Utica Lloyd's of Texas v. Mitchell***, 138 F.3d 208, 210 (5th Cir. 1998). As further explained below, the Court finds that there is no contractual or statutory basis for awarding Plaintiffs attorney's fees. The Fifth Circuit noted that awards of attorney's fees stemming from declaratory judgments must flow from the "American Rule," showing support by contract or statute, or where recovery is permitted by substantive law. *Id.,* 138 F.3d at 210.

### PARTIES' CONTENTIONS

Plaintiffs request attorney's fees in the amount of $86,047.50, expenses of $1,053.64, and costs in the amount of $4,500.00 for the fee application and the corresponding required hearings. Plaintiffs also request fees with 5.02% post-judgment interest (ECF No. 83 at 5–6). Plaintiffs assert that their attorney's fees and costs are reasonable and necessary in furtherance of their litigation efforts (ECF No. 83 at 2–3). Yet in their Motion, which seeks attorney's fees and costs, Plaintiffs fail to discuss the "American Rule" (ECF No. 83 at 2).

Critically, Plaintiffs' Motion references the Court's Memorandum Opinion, which ruled in their favor, however, Plaintiffs cite to 28 U.S.C. § 2202 as their only direct authority for the fee

application (ECF No. 83 at 2). 28 U.S.C. § 2202 allows for "further relief" in declaratory judgment actions. Accordingly, Plaintiffs assert that "further relief" in a declaratory judgment action can consist of attorney's fees. Plaintiffs also generally reference the Judgment as support for an award of attorney's fees (ECF No. 83. at 2, ECF No. 80 at 2–3). In their Motion, Plaintiffs broadly claim that "necessary or proper relief" can be "based upon a declaratory judgment or decree." In sum, Plaintiffs attempt to use the language contained in the Judgment to satisfy the substantive arguments of adverse possession and trespass to try title, as contained in the Court's Memorandum Opinion (ECF No. 83 at 2).

Defendant does not protest the amount of attorney's fees based on the *Johnson* factors. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *Combs v. City of Huntington, Texas*, 829 F.3d 388, 393 (5th Cir. 2016). Rather, Defendant contests the recoverability of attorney's fees and certain costs based upon the lack of valid authority to support such an award (ECF No. 84 at 3). Defendant notes that Plaintiffs solely rely on 28 U.S.C. § 2202 as support in their Motion (ECF No. 84 at 3).

Defendant further argues that attorney's fees are not recoverable because (i) the "American Rule" applies; (ii) there is no statutory exception to the "American Rule" based on interpretations of 28 U.S.C. § 2202; (iii) there is no contractual exception to the "American Rule" because both parties recognize that no contract exists; (iv) Local Bankruptcy Rule 7054 requires reference to the specific authority entitling a movant to the relief sought, and Plaintiffs' only specific mention of authority is 28 U.S.C. § 2202 (ECF No. 84 at 2–3). Defendant further contends that costs under Local Rule 7054(b) appear to be discretionary for the Court to the extent that costs do not conflict with 28 U.S.C. § 1920 (ECF No. 84 at 5–6).

**DISCUSSION**

### I. The "American Rule" Applies

Generally, Texas adheres to the "American Rule," which mandates that each party "pay their own attorney's fees." ***Baker Botts L.L.P. v. ASARCO LLC***, 576 U.S. 121, 126 (2015); ***Self-Insurance Inst. of Am., Inc. v. Korioth***, 53 F.3d 694, 696–97 (5th Cir. 1995); ***Rodriguez v. Safeco Ins. Co. of Ind.***, 684 S.W.3d 789, 796 (Tex. 2024). "[A]n award of attorney's fees in a federal declaratory judgment action 'is confined to two situations: (i) where, under the restrictive American Rule, attorney's fees are allowed; and (ii) where *controlling substantive law* permits recovery.'" ***Utica***, 138 F.3d at 210 (emphasis added).

Each party is generally required to pay for their own attorney's fees, yet certain exceptions exist where courts recognize circumstances that warrant departing from the "American Rule." ***ASARCO LLC***, 576 U.S. at 126. An exception arises "when specific authority granted by statute or contract—a so-called 'fee shifting' provision—states otherwise." ***Schwertner Backhoe Servs. v. Kirk (In re Kirk)***, 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015). Accordingly, in a declaratory judgment action, attorney's fees awards are limited to situations "where 'controlling substantive law' permits recovery." ***Utica***, 138 F.3d at 210.

In this case, Plaintiffs' claim for declaratory judgment was granted pursuant to the Federal Declaratory Judgment Act, rather than the Texas Declaratory Judgment Act (ECF No. 41 at 5).[4] Courts have held that, "[t]he Federal Declaratory Judgment Act, 28 U.S.C. § 2202, does not itself independently authorize the award of attorney's fees." ***Travelers Indem. Co. v. Citgo Petroleum Corp.***, 166 F.3d 761, 772 (5th Cir. 1999). Here, Plaintiffs loosely attempt to implicate the substantive law with a general catchall provision (ECF No. 83 at 2). Furthermore, Plaintiffs

---

[4] The Texas Declaratory Judgment Act is a procedural device where an award of attorney's fees must be based on controlling substantive law. ***Barfield v. Holland***, 844 S.W.2d 759, 771 (Tex. App.—Tyler 1992, writ denied).

broadly assert that the Judgment implicates Texas substantive law because Plaintiffs' claims for adverse possession under Texas Civil Practice & Remedies Code § 16.034 and trespass to try title under Chapter 22 of the Texas Property Code fall squarely within the meaning of state substantive law. Tex. Civ. Prac. & Rem. Code Ann. § 16.034 (West 2023); Tex. Prop. Code Ann. § 22.021–22.024.

## II. No Statutory Basis for Awarding Plaintiffs' Attorney's Fees

### A. 28 U.S.C. § 2202

In the case at bar, Plaintiffs requested an award of attorney's fees pursuant to 28 U.S.C. § 2202, and generally referenced the Judgment entered in the Court's Memorandum Opinion (ECF No. 83 at 2). Federal Rule of Civil Procedure 54(d)(2)(B)(ii) requires the movant for attorney's fees to include the "statute, rule, or other grounds" entitling the award be in the motion. As mentioned earlier, Plaintiffs have failed to cite to an applicable statute, rule, or other grounds entitling them an award of attorney's fees. Additionally, Federal Rule of Civil Procedure 54(d)(2)(D) allows the Court to establish local rules to resolve issues regarding attorney's fees. Similar to Federal Rule of Civil Procedure 54(d)(2)(B)(ii), Local Rule 7054(a)(1) requires that the request for fees include references to the authority for the request, either statutorily or otherwise.

In Plaintiffs' Motion, Plaintiffs primarily rely on 28 U.S.C. § 2202, which provides "further necessary or proper relief" in declaratory judgment actions. Yet, attorney's fees are granted in federal declaratory judgment proceedings only when controlling substantive law permits recovery, and 28 U.S.C. § 2202 does not allow for attorney's fees on its own accord. *Utica,* 138 F.3d at 210; **LMV-AL Ventures, LLC**, 2018 U.S. Dist. LEXIS 127643, 2018 WL 3603108, at 2. Attorney's fees may be recoverable in declaratory judgment actions but only when such fees are essential to granting a plaintiff full relief. **Farmers Ins. Co. v. Daniel**, 2008 U.S. Dist. LEXIS 96444, 2008

WL 5101305, at 2 (W.D. Okla. 2008) (citing *Sec. Ins. Co. v. White*, 236 F.2d 215, 220 (10th Cir. 1956)). Here, the Court finds that 28 U.S.C. § 2202 does not entitle Plaintiffs to an award of attorney's fees in the federal declaratory judgment action.

### B. Controlling Substantive State Law

Because 28 U.S.C. § 2202 cannot serve as the proper authority for an award of attorney's fees, the Court will now evaluate whether Plaintiffs may be awarded attorney's fees under Texas substantive law. At the May 22, 2024, hearing, Plaintiffs referenced the Judgment, and Texas substantive law which supported the Judgment, as authority for the Court to grant their Motion. First, the Court will examine the Texas substantive law on adverse possession[5] to determine if an award of attorney's fees is supported. Second, the Court will examine the Texas substantive law of trespass to try title because this claim is closely related to Plaintiffs' successful adverse possession claim. *See generally* **Faith P. Charles L. Bybee Found. v. Knutzen**, 681 S.W.3d 818, 827 (Tex. App.—Austin 2023, no pet.) (explaining that trespass to try title can be supported by adverse possession and other theories).

Here, Plaintiffs broadly reference the Judgment as support for an award of attorney's fees (ECF. No. 83 at 2). Even if Plaintiffs' broad reference to the Judgment can be interpreted as referencing the controlling substantive authority under Local Rule 7054, Texas law does not allow an award of attorney's fees in this case.

First, in the Court's Memorandum Opinion, the Court only ruled on the issue of adverse possession, which gave Plaintiffs title and complete ownership of the Disputed Tract (ECF No. 69 at 41). Texas Civil Practice and Remedies Code § 16.034 addresses attorney's fees in suits concerning adverse possession. The controlling substantive law allows reasonable attorney's fees

---

[5] Texas Civil Practice & Remedies Code § 16.026 on adverse possession served as the basis for the Court's Memorandum Opinion.

only when several conditions are met. Tex. Civ. Prac. & Rem. Code Ann. § 16.034 (West 2023). For example, attorney's fees can be granted when (i) the person unlawfully in actual possession made a bad faith and groundless claim; (ii) the party seeking possession also gave the party in possession a written demand 10 days before filing for recovery; (iii) the demand includes notice that if the party in possession does not vacate then they will be forced to cover costs and attorney's fees. *Id.*

Here, Plaintiffs successfully made a claim for adverse possession and obtained title to the Disputed Tract (ECF No. 69 at 41). Because the Court found that Plaintiffs exclusively possessed the Disputed Tract for the requisite statutory period, Defendant was therefore not in exclusive possession of the Disputed Tract (ECF No. 69 at 31–32). Despite Plaintiffs' successful adverse possession claim, Plaintiffs cannot recover attorney's fees under Texas Civil Practice & Remedies Code § 16.034 because they failed to meet elements (a)(1), (b), and (c), which require recovering against a party unlawfully in possession. Here, the Court previously determined that Defendant was not in possession of the Disputed Tract, therefore, Defendant does not constitute "a party unlawfully in possession" under Texas Civil Practice & Remedies Code § 16.034. *See* **Bernal v. Chavez**, 198 S.W.3d 15, 21 (Tex. App.—El Paso 2006, no pet.) (explaining that when the statutory elements cannot be met, no attorney's fees can be awarded); *see also* **Nac Tex Hotel Co. v. Greak**, 481 S.W.3d 327, 335 (Tex. App.—Tyler 2015, no pet.) (explaining that the "American Rule" is controlling when the substantive statue cannot be met to grant attorney's fees); **Bell v. Midway Petroleum Grp., LP.**, 2021 Tex App. LEXIS 2156, 2021 WL 1031680, at 7–8 (Tex. App.—Beaumont Mar. 18, 2021, no pet.).

Second, Plaintiffs alleged that they "referenced" their trespass to try title claim pursuant to Local Rule 7054 in their Motion by citing to the Judgment. Because the Court's Memorandum

10

Opinion only made a finding on adverse possession, and not trespass to try title, Plaintiffs cannot rely on that authority as the basis for an award of attorney's fees (ECF No. 69 at 41). At least one court has found that adverse possession can support a trespass to try title claim. **Knutzen**, 681 S.W.3d at 827. However, the plaintiffs in **Knutzen** based their claim on the Texas Declaratory Judgment Act, rather than the Federal Declaratory Judgment act. *Id.*

At the hearing on May 22, 2024, Defendant cited **Pool** for the proposition that a fee award can be granted in a trespass to try title suit involving adverse possession. **Nat. Gas Pipeline Co. of Am. v. Pool**, 30 S.W.3d 618 (Tex. App.—Amarillo 2000), *rev'd*, 120 S.W.3d 317 (Tex. 2003), withdrawn from bound volume, opinion withdrawn and superseded on denial of reh'g, 124 S.W.3d 188 (Tex. 2003), and *rev'd*, 124 S.W.3d 188 (Tex. 2003). **Pool** is distinguishable, however, because here Plaintiffs, rather than Defendant, prevailed under adverse possession. Plaintiffs thus do not satisfy the elements for the recovery of attorney's fees under Texas controlling substantive law because § 16.034(a) of the Texas Civil Practice and Remedies Code requires that "the prevailing party recover possession of the property from a person unlawfully in *actual possession*." (emphasis added). As previously mentioned, Plaintiffs fail to meet this element because Defendant was not in actual possession of the Disputed Tract. While the Court recognizes that **Pool** states that "[i]t is the rule in a trespass to try title suit, where the defendant claims ownership by adverse possession, an award of attorney's fees to the prevailing party is authorized," the moving party must still satisfy the elements of Texas Civil Practice and Remedies Code § 16.034 to recover attorney's fees. *Id.* at at 637.

Even if trespass to try title constitutes relevant substantive law that was referenced properly under Local Rule 7054, attorney's fees under a trespass to try title claim remain unrecoverable. *See* **Garza v. Coates Energy Trust (In re Garza)**, 90 F. App'x 730, 733 (5th Cir. 2004) (explaining

that fees are simply not recoverable in trespass to try title actions); *see also* **Barfield v. Holland**, 844 S.W.2d 759, 771 (Tex. App.—Tyler 1992, writ denied) (explaining that there is no provision for recovering attorney's fees in a trespass to try title action). Critically, Chapter 22 of the Texas Property Code, which is the substantive law concerning trespass to try title, also fails to address attorney's fees or declare that attorney's fees are recoverable. Tex. Prop. Code Ann. § 22.021–22.024.

### III. No Contractual Basis for Awarding Attorney's Fees

In the present case, neither party asserts that there is a contractual agreement that would rise to the level of invoking the exception to the "American Rule," nor does either side allege that a contract existed between the parties (ECF No. 83 at 2, ECF No. 84 at 4). Because there is no contract between the parties, only statutory authority could provide an exception to the "American Rule." *ASARCO LLC*, 576 U.S. at 126; *Utica*, 138 F.3d at 210; *Kirk*, 525 B.R. at 330. Here, there is no statutory basis for an award of attorney's fees pursuant to 28 U.S.C. § 2202, Chapter 22 of the Texas Property Code, nor Texas Civil Practice and Remedies Code § 16.034. Because a contract did not exist between the parties, the Court finds that there is no contractual basis for awarding attorney's fees to Plaintiffs.

#### A. Costs

On April 4, 2024, Plaintiffs timely requested costs, expenses, and post-judgment interest accruing at the rate of 5.02% per annum (compounded annually) along with attorney's fees (ECF No. 83 at 5–6). Pursuant to Federal Rule of Civil Procedure 54(d)(1), in the absence of other statutes, rules or court orders, costs should be granted for the prevailing party. Defendant timely filed a response to Plaintiffs' Motion alleging that an award of certain costs is discretionary (ECF No. 84 at 5). Defendant does not cite to case law or statutes to support limiting costs beyond his

proposition that there is a discretionary allowance of costs under Rule 54 (ECF No. 84). Fed. R. Civ. P. 54. Accordingly, the Court finds that costs should be granted to Plaintiffs under Federal Rule of Civil Procedure 54(d)(1).

## Conclusion

For the reasons provided above, the Court finds that Plaintiffs are not statutorily nor contractually entitled to attorney's fees, and therefore, with no applicable exception to the American Rule, such fees are not recoverable. However, it is generally accepted that court costs may be recovered with accompanying interest. The Court shall deny Plaintiffs' requested attorney's fees in this adversary proceeding. For the reasons contained herein, the Court finds that Plaintiffs' Motion (ECF No. 83) should be denied in part and granted in part.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Approval of Fees and Costs Pursuant to Bankruptcy Rule 7054 and Associated Request for a Judgment Against Defendant (ECF No. 83), is **DENIED IN PART** and **GRANTED IN PART**.

IT IS FURTHER ORDERED that Plaintiffs' request for the recovery of attorney's fees, is **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' request for the recovery of post-judgment interest from the date of the Judgment until the date the fees are paid in full, is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' request for the recovery of court costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, is **GRANTED**.

# # #